Singh v. Barr

BIA
Lurye, IJ
A200 815 954

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of December, two thousand nineteen.

PRESENT:
GUIDO CALABRESI,
RAYMOND J. LOHIER, JR.,
JOSEPH F. BIANCO,
*Circuit Judges.*

_____

HARMEET SINGH,
*Petitioner*,

v.                                                    18-1720
                                                      NAC

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
*Respondent.*

_____

FOR PETITIONER:          Jaspreet Singh, Jackson Heights,
                         NY.

FOR RESPONDENT:          Joseph H. Hunt, Assistant
                         Attorney General; Jeffrey R.
                         Leist, Senior Litigation Counsel;
                         Kathleen Kelly Volkert, Trial
                         Attorney, Office of Immigration
                         Litigation, United States
                         Department of Justice, Washington,
                         DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Harmeet Singh, a native and citizen of India, seeks review of a May 11, 2018, decision of the BIA affirming a June 28, 2017, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Harmeet Singh*, No. A200 815 954 (B.I.A. May 11, 2018), *aff'g* No. A200 815 954 (Immig. Ct. N.Y. City June 28, 2017). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances, we have considered both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Security*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the consistency between the applicant's or witness's written and oral statements . . . ,

2

the internal consistency of each such statement, the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 163-64 (2d Cir. 2008). Substantial evidence supports the agency's determination that Singh was not credible as to his claim that police and members of the Akali Dal Badal party beat him twice in India on account of his membership in the Akali Dal Mann party.

The adverse credibility determination was based on inconsistent statements from Singh's credible fear interview, asylum application, hearing testimony, and supporting letters. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). As an initial matter, the agency did not err in relying on the record of Singh's credible fear interview because the record of the interview was sufficiently reliable: the interview was conducted with an interpreter, it was memorialized in a typewritten question-and-answer format, the questions posed were designed to elicit details of Singh's asylum claim, and Singh's responses indicated that he understood the questions. *See Ming Zhang v. Holder*, 585 F.3d 715, 724-25 (2d Cir. 2009)

3

(requiring close scrutiny of credible fear interviews but finding a record reliable when it is typewritten, demonstrates that the applicant understood the questions, reflects questions about past harm or fear of future harm, and is conducted with an interpreter).

The agency reasonably found that Singh provided different birthdates to an asylum officer during his credible fear interview and police in Michigan during an arrest than he provided in his removal proceedings. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Singh was unable to explain the inconsistencies; rather, he further impugned his credibility by stating that he had not known his correct birthdate during his credible fear interview, despite the fact that the interviewer transcribed the purportedly correct birthdate and would have had no basis to know that date if Singh had not provided it. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted)).

The agency also reasonably relied on Singh's inconsistent descriptions of his second attack as to whether his attackers

4

chased after him. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). When asked to explain the inconsistency, Singh repeatedly changed his testimony, creating new inconsistencies that supported finding him not credible. *See id.; see also Majidi*, 430 F.3d at 80.

Having questioned Singh's credibility, the agency reasonably relied further on his failure to rehabilitate his testimony with reliable corroborating evidence. "An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). The agency did not err in declining to credit affidavits from Singh's parents and neighbor or unsworn doctors' notes because some of the authors were interested witnesses and none were available for cross-examination. *See Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013) ("We generally defer to the agency's evaluation of the weight to be afforded an applicant's documentary evidence."); *see also In re H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. 209, 215 (B.I.A. 2010) (finding that letters from alien's friends and family were insufficient to provide "substantial support" for alien's claims because they were from interested

5

witnesses not subject to cross-examination), *overruled on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130, 133–38 (2d Cir. 2012).

Given the inconsistency and corroboration findings, the agency's adverse credibility determination is supported by substantial evidence.\* *See* 8 U.S.C. § 1158(b)(1)(B)(iii). That credibility determination was dispositive of asylum, withholding of removal, and CAT relief because all three claims were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

```
                                FOR THE COURT:
                                Catherine O'Hagan Wolfe,
                                Clerk of Court
```

---

\* The IJ erred by failing to provide Singh an opportunity to explain additional inconsistencies identified in the record. *See Ming Shi Xue v. B.I.A.*, 439 F.3d 111, 125 (2d Cir. 2006). Nevertheless, remand would be futile because Singh's inconsistent statements regarding his birthdate and alleged second attack as well as his changing stories when asked to explain those inconsistencies were more than sufficient to support the agency's adverse credibility determination. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 339 (2d Cir. 2006) (holding that remand is futile when this Court can "confidently predict" that the agency would reach the same decision absent the errors); *see also Xiu Xia Lin*, 534 F.3d at 165–67.